USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: Apr 19, 2013

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
TRUSTEES OF THE NEW YORK CITY DISTRICT :
COUNCIL OF CARPENTERS PENSION FUND, :
WELFARE FUND, ANNUITY FUND, :
APPRENTICESHIP, JOURNEYMAN, RETRAINING, :
EDUCATIONAL AND INDUSTRY FUND et al., :
 :
                        Petitioners, :
 :
              -v- :
 :
ACE SCAFFOLDING CO. INC., :
 :
                        Respondent. :
------------------------------------------------------------------------X

11 Civ. 8074 (JMF)

MEMORANDUM
OPINION AND
ORDER

JESSE M. FURMAN, United States District Judge:

      Petitioners Trustees of the New York City District Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, Apprenticeship, Journeyman Retraining, Education and Industry Fund ("Pension Fund"); Trustees of the New York City District Council of Carpenters Charity Fund; and New York City and Vicinity Carpenters Labor-Management Corporation seek to confirm two arbitration awards issued against Respondent ACE Scaffolding Co Inc. ("ACE"), pursuant to Section 502(a)(3) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a)(3); Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185; and Section 9 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 9. In their original Petition (styled as a "Complaint"), Petitioners sought enforcement of the first award (the "First Award"), dated October 5, 2011, granting them $2,350 in fees and costs and ordering ACE to make its books available (Docket No. 1). In their Amended Petition (styled as an "Amended Complaint"), Petitioners acknowledge that ACE paid the $2,350 award, and seek instead (1) confirmation of the First Award to the extent it ordered ACE to make its books

available; (2) confirmation of a second arbitration award (the "Second Award" and, together with the First Award, the "Awards"), dated April 16, 2012, granting them $33,762.04, plus interest at the rate of 5.25% from the date of the award; and (3) costs and attorneys' fees for this action (Docket No. 5). To date, ACE has neither responded to Petitioner's action nor otherwise sought relief from the Awards. For the reasons stated below, the Awards are CONFIRMED and Petitioners' request for attorneys' fees and costs is GRANTED.

## BACKGROUND

On multiple occasions between 2004 and 2007, ACE agreed to be bound by a November 10, 2004, Project Labor Agreement ("PLA") between the New York City School Construction Authority and the Building and Construction Trades Council of Greater New York and Vicinity. (*See* Epstein Decl. Ex. A, at 3-7, 9-19 (Docket No. 13) (ACE's agreement); *id.* at 20-67 (the 2004 Project Labor Agreement)).[1] On two occasions in 2011, ACE agreed to be bound by a similar agreement executed on October 15, 2009. (*See* Epstein Decl. Ex. A, at 2, 8 (ACE's agreement); *id.* at 68-116 (the 2009 Project Labor Agreement)). Pursuant to collective bargaining agreements ("CBAs") incorporated into these agreements, ACE agreed to pay fringe benefit contributions to Petitioners and to allow the "Trustees" — presumably of the Pension Fund —to audit its books on demand. (*See* Epstein Decl. ¶ 5; *id.* Ex. A, at 29, 77-78, 97-98; *id.* Ex. B, at 40-49). The CBA specified the damages for a failure to pay fringe benefit contributions, which included "reasonable attorney's fees and costs." (*Id.* Ex. B, at 46-47). The CBA also provided that "[a]ny grievance" not resolved by negotiation between the parties or referral to the Hardship and Advisory Committee "shall be submitted to arbitration before Roger Maher, Robert Silagi, Joseph W. Lipowski, or Robert Herzog." (*Id.* Ex. B, at 37-39).

---

[1] Citations to the Epstein Declaration are to Docket Number 13. Page numbers refer to the page number of the PDFs, not to any internal page numbers.

After failing to get access to ACE's books, Petitioners submitted their dispute to the duly designated arbitrator, Roger Maher. (Epstein Decl. ¶¶ 12-13). On October 4, 2011, Maher held a hearing to adjudicate whether Petitioners were entitled to audit ACE's books from April 8, 2010, onward. (*See* Epstein Decl. ¶ 13; *id.* Ex. B, at 37-38 (designating arbitrators)). Arbitrator Maher found that ACE had been notified of the arbitration proceeding, but had made no request to adjourn or delay it, and was therefore in default. (*Id.* Ex. D, at 2). In an opinion and award dated October 5, 2011, Arbitrator Maher found that Petitioners' uncontested evidence established that the CBAs allowed audits and that Petitioners' auditor had not been given access to ACE's books. (*Id.*). As a result, the Arbitrator ordered ACE to make available to Petitioners its records from April 8, 2010, to October 5, 2010, and awarded $2,350 in fees — comprised of $1,500 in attorneys' fees, the arbitrator's fee, and court costs — to Petitioners. (*Id.* at 3).

On November 9, 2011, Petitioners instituted this action to confirm the First Award. (Docket No. 1). Petitioners served ACE on November 11, 2011 (Docket No. 3), and obtained a certificate of default on December 8, 2011 (Docket No. 4). At some point thereafter, Petitioners audited ACE's books for the period between September 20, 2007, and June 30, 2009, and concluded that they were owed fringe benefit contributions. (*See* Epstein Decl. ¶ 6; *id.* Ex. C, at 2). Petitioners then had another hearing before Arbitrator Maher on April 13, 2012, to resolve their dispute with ACE. (*Id.* Ex. C, at 2). Again, ACE was given notice but failed to appear, let alone request an adjournment or delay, and was therefore held to be in default. (*Id.*). On April 16, 2012, Arbitrator Maher issued the Second Award, finding in favor of Petitioners based on the testimony of the auditor. (*Id.* at 3). The Award required ACE to pay (1) $15,965.72 in principal; (2) $8,205.00 in interest and liquidated damages; (3) $36.64 in promotional fund fees; (4) $350.00 in court costs; (5) $1,500.00 in attorneys' fees; (6) $500.00 as an arbitrator's fee; and (7)

3

$7,204.68 in audit costs, for a total of $33,762.04. (*Id.*). Arbitrator Maher further ordered that interest would accrue at the rate of 5.25% from the date of the Second Award. (*Id.* at 4.).

On August 23, 2012, Petitioners filed their Amended Petition with this Court. (Docket No. 5). In their Amended Petition, Petitioners acknowledge that ACE paid the $2,350 in fees and costs awarded as part of the First Award. Thus, they seek: (1) confirmation of the First Award to the extent it allowed them to audit ACE's books from April 8, 2010, to October 5, 2011; (2) confirmation of the Second Award in its entirety; and (3) attorneys' fees and costs in this action. (Am. Compl. 5-6). Petitioners served a copy of their amended petition on ACE on August 24, 2012 (Docket No. 6), and obtained a certificate of default against ACE on September 28, 2012 (Docket No. 7).

## DISCUSSION

### A. Applicable Law

"It is well established that courts must grant an [arbitrator's] decision great deference." *Duferco Int'l Steel Trading v. T. Klaveness Shipping A/S*, 333 F.3d 383, 388 (2d Cir. 2003). Accordingly, the confirmation of an arbitration award normally is "'a summary proceeding that merely makes what is already a final arbitration award a judgment of the court.'" *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006) (quoting *Florasynth, Inc. v. Pickholz*, 750 F.2d 171, 176 (2d Cir. 1984)). "Only 'a barely colorable justification for the outcome reached' by the arbitrators" is required to confirm an award on a timely petition to confirm. *Id.* (quoting *Landy Michaels Realty Corp. v. Local 32B-32J, Serv. Emps. Int'l Union*, 954 F.2d 794, 797 (2d Cir. 1992)).

Indeed, where an arbitrator is impartial, has not unreasonably denied requests for postponement, and has not ignored "pertinent and material" evidence, 9 U.S.C. § 10(a), an

arbitrator's award should not be vacated "as long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority," *Jock v. Sterling Jewelers Inc.*, 646 F.3d 113, 122 (2d Cir. 2011) (quoting *ReliaStar Life Ins. Co. of N.Y. v. EMC Nat'l Life Co.*, 564 F.3d. 81, 86 (2d Cir. 2009)), *cert. denied*, 132 S. Ct. 1742 (2012); *see also 187 Concourse Assocs. v. Fishman*, 399 F.3d 524, 527 (2d Cir. 2005) ("The principal question for the reviewing court is whether the arbitrator's award draws its essence from the collective bargaining agreement . . . ." (quoting *Saint Mary Home, Inc. v. Serv. Emps. Int'l Union, Dist. 1199*, 116 F.3d 41, 44 (2d Cir. 1997)) (internal quotation mark omitted)). "Further, 'the federal policy in favor of enforcing arbitration awards is particularly strong with respect to arbitration of labor disputes.'" *Supreme Oil Co., Inc. v. Abondolo*, 568 F. Supp. 2d 401, 406 (S.D.N.Y. 2008) (quoting *N.Y. Hotel & Motel Trades Council v. Hotel St. George*, 988 F. Supp. 770, 774 (S.D.N.Y. 1997)).

Notwithstanding the extreme deference that a court must pay to an arbitrator's decision, even unopposed petitions to confirm awards must "'fail where the undisputed facts fail to show that the moving party is entitled to judgment as a matter of law.'" *D.H. Blair*, 462 F.3d at 110 (quoting *Vt. Teddy Bear Co., Inc. v. 1-800 BEARGRAM Co.*, 373 F.3d 241, 244 (2d Cir. 2004)). Because a petition to confirm an arbitration award should be "treated as akin to a motion for summary judgment based on the movant's submissions," where the non-movant has failed to respond to a petition to confirm, the court "may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial." *Id.* at 109-10 (quoting *Vt. Teddy Bear Co.*, 373 F.3d at 244).

B.  Analysis

   1.   The Award

Applying the foregoing principles, Petitioners have met their burden of demonstrating that there is no genuine issue of material fact precluding summary judgment as to all portions of the Awards, as the Arbitrator's decisions provide more than "'a barely colorable justification for the outcome reached.'" *Id.* at 110 (quoting *Landy Michaels*, 954 F.2d at 797) (internal quotation marks omitted).  Prior to issuing each Award, Arbitrator Maher reviewed the CBA, its grievance and arbitration procedures, and testimony provided by Petitioners.  (*See* Epstein Decl. Ex. D, at 2 (describing the contract and reviewing testimony); *id.* Ex. C, at 2-3 (describing the contract, noting that Petitioners "duly demanded payment," and describing testimony)).  Based on the evidence presented, the Arbitrator determined that ACE in each instance had violated the CBA and ordered an audit and awarded damages, as described above.

Although Petitioners have not presented this Court with copies of the materials on which the Arbitrator relied, there is no reason to doubt his interpretation of those materials.  Further, and in any event, "'[c]ourts are not authorized to review [an] arbitrator's decision on the merits [even in the face of] allegations' — allegations that have not been made in this case — 'that the decision rests on factual errors or misinterprets the parties' agreement.'"  *N.Y.C. Dist. Council of Carpenters Pension Fund v. Star Intercom & Constr., Inc.*, No. 11 Civ. 3015 (RJH), 2011 WL 5103349, at *4 (S.D.N.Y. Oct. 27, 2011) (alterations in original) (quoting *Major League Baseball Players Ass'n v. Garvey*, 532 U.S. 504, 509 (2001) (per curiam)).  Finally, there is no justification under Section 10(a) of the FAA for vacating the Awards.  Accordingly, the Court grants Petitioners' unopposed petition to confirm all outstanding portions of the Awards.

### 2. Attorneys' Fees and Costs

As noted above, Petitioners also seek attorneys' fees and costs for this action to confirm the arbitration. The CBA expressly provides for "reasonable attorney's fees and costs of the action" to be awarded to Petitioners if the Trustees win before a court. (*See* Epstein Decl. Ex. B, at 58). In the alternative, this Court has inherent equitable powers to award attorneys' fees in response to ACE's noncompliance with the Awards. *See N.Y.C. Dist. Council of Carpenters v. Gen-Cap. Indus., Inc.*, No. 11 Civ. 8425 (JMF), 2012 WL 2958265, at *5 (S.D.N.Y. July 20, 2012). Accordingly, Petitioners request for fees and costs is granted.

In determining appropriate attorneys' fees, "district courts use the lodestar method," in which the number of hours reasonably expended is multiplied by a reasonable hourly rate. *McDonald v. Pension Plan of the NYSA-ILA Pension Trust Fund*, 450 F.3d 91, 96 (2d Cir. 2006) (per curiam). An attorney's hourly rate is considered reasonable when it is "'in line with those [rates] prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.'" *Trs. of Mason Tenders Dist. Council Welfare Fund, Pension Fund, Annuity Fund and Training Program Fund v. Stevenson Contracting Corp.*, No. 05 Civ. 5546 (GBD) (DF), 2008 WL 3155122, at *9 (S.D.N.Y. June 19, 2008) (alteration in original) (quoting *Blum v. Stenson*, 465 U.S. 886, 895 n. 11 (1984)), *adopted by* 2008 WL 2940517 (S.D.N.Y. July 29, 2008). "When an attorney's requested hourly rate is higher than rates found to be reasonable in the relevant market," the court has discretion to reduce the rate. *Id.* (citing *Savino v. Computer Credit, Inc.*, 164 F.3d 81, 87 (2d Cir. 1998)). Moreover, "when a party seeks attorney's fees, the 'burden is on the fee applicant' to establish that the 'requested rates are in line with those prevailing in the community.'" *Source Vagabond Sys., Ltd. v. Hydrapak, Inc.*, No. 11 Civ. 5379 (CM) (JLC), 2013 WL 136180, at *9 (S.D.N.Y. Jan. 11, 2013) (quoting *Blum*,

465 U.S. 886 at 895 n.11) (applying Second Circuit law), *adopted in relevant part by* 2013 WL 634510 (S.D.N.Y. Feb. 21, 2013).

In the present case, Petitioners seek to recover $425.72 in costs and $1,768.00 in fees for a total of 10.50 hours of work on the case. (Epstein Decl. ¶¶ 24-32; *id.* Ex. I.). The work was done by (1) an attorney who graduated law school in 2010 and billed at $200 per hour (Epstein Decl. ¶ 25); (2) a second attorney who graduated in 1989 and "has over ten years of experience representing multiemployer employee benefit plans in ERISA litigation," and billed at $250 per hour (*id.* ¶ 27); and (3) a legal assistant billed at $90 per hour (*id.* ¶ 28). Although the rate for the first lawyer is at the high end of reasonableness, the Court finds that these rates — and the hours spent on the matter — are reasonable. *See, e.g.*, *Mingoia v. Crescent Wall Sys.*, No. 03 Civ. 7143 (THK), 2004 WL 1885952, at *5 (S.D.N.Y. Aug. 23, 2004) (approving a pay rate for a partner with "at least ten years of ERISA litigation experience" at $325 per hour and citing cases); *Trs. of the N.Y.C. Dist. Council of Carpenters Pension Fund v. Dejil Sys. Inc.*, No. 12 Civ. 005 (JMF), 2012 WL 3744802, at *5 (S.D.N.Y. Aug. 29, 2012) (approving as reasonable a $200 per hour rate for the same junior attorney in the present case); *Trs. of E. States Health & Welfare Fund v. Crystal Art. Corp.*, No. 00 Civ. 887 (NRB), 2004 WL 1118245, at *6 (S.D.N.Y. May 19, 2004) ("[R]ates of $180 to $200 have been found reasonable for attorneys with four to six years of [LMRA/ERISA] experience . . . ."); *Trs. of the N.Y.C. Dist. Council of Carpenters Pension Fund v. Premium Sys., Inc.*, No. 12 Civ. 1749 (LAK) (JLC), 2012 WL 3578849, at *6 (S.D.N.Y. Aug. 20, 2012) (approving a $90 per hour rate for work done by a legal assistant); *Dejil Sys.*, 2012 WL 3744802, at *5 (same). Accordingly, Petitioners are awarded fees in the amount of $1,768.

Petitioners also seek to recover $425.72 in costs. (Epstein Decl. ¶ 31). Although Petitioners fail to explain these costs in any meaningful way, *see Teamsters Local 814 Welfare Fund v. Dahill Moving & Storage Co., Inc.*, 545 F. Supp. 2d 260, 269 (E.D.N.Y. 2008) (denying costs that were not itemized and explained), the Court presumes that the principal figure of $350 is for the filing fee in this case. Moreover, the amount is in line with similar actions and therefore appears reasonable. *See, e.g.*, *Mountaintop Cabinet*, 2012 WL 3756279, at *5 (approving, without discussion, $437.30 in costs); *Premium Sys.*, 2012 WL 3578849, at *6 (approving, without discussion, $417.50 in costs); *Gen-Cap*, 2012 WL 2958265, at *6 (approving $350 in costs). Accordingly, the Court awards Petitioners $425.72 in costs as well.

## CONCLUSION

For the reasons set forth above, the outstanding portions of both Awards are CONFIRMED in their entirety and Petitioner's request for attorneys' fees and costs is GRANTED. Petitioner is directed to submit a proposed Judgment consistent with this opinion to the Orders and Judgments Clerk of this Court by April 26, 2013. Respondent may submit any objections to the proposed Judgment on or before April 30, 2013.

SO ORDERED.

Dated: April 19, 2013
      New York, New York

_____
JESSE M. FURMAN
United States District Judge